IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 5:20-cv-191-DCB-MTP ) |
| v. | ) ) **COMPLAINT** |
| JORDAN CARRIERS, INC. | ) **JURY TRIAL REQUESTED** ) ) ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Torrence K. Haley ("Haley"), who was adversely affected by such practices.

As alleged with greater particularity in paragraphs thirteen (13) through twenty-seven (27) below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Jordan Carriers, Inc. ("Defendant") discriminated against Haley by failing to hire him because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Jordan Carriers, Inc. has been headquartered in Natchez, Mississippi and was doing business in the State of Mississippi and elsewhere as an over-the-road transportation company hauling steel, lumber, building materials, and general commodities. Defendant also offers van and refrigerated shipping services.

5. At all relevant times, Defendant Jordan Carriers, Inc. has had at least 15 employees.

6. At all relevant times, Defendant Jordan Carriers, Inc. has been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), which incorporates by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b)(g) and(h).

7. At all relevant times, Defendant Jordan Carriers, Inc. has been a covered entity covered under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Haley filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

9. On July 6, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated with respect to Haley, and invited Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letters of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 21, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to the charge filed by Haley.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least October 1, 2017, Defendant has engaged in unlawful employment practices at its Natchez, Mississippi facility, by refusing to hire Haley for an over-the road (OTR) truck driver position on the basis of his disability in violation of Section 102(a) of Title I of the ADA, 42 U.S.C.§§ 12112(a).

14. At all times relevant to this action, Haley suffered from physical impairments that Defendant mistakenly perceived as substantially limiting one or more major life activities, including but not limited to, sleeping, walking, standing, sitting, reaching, lifting, bending, and

working, and in the functioning of his musculoskeletal system. In the alternative, Haley did not suffer from any impairment, but Defendant regarded him as having a substantially limiting impairment.

15. At all times relevant to this action, Haley had a record of a disability in that he had a history of past physical impairments that substantially limited one or more major life activities, including but not limited to, sleeping, walking, standing, sitting, reaching, lifting, bending, and working, and in the functioning of his musculoskeletal system.

16. Haley is a qualified individual with a perceived disability, or record of such a disability under the ADA, 42 U.S.C. §§ 12102 and 12111(8), who could perform the essential functions of the OTR truck driver position without an accommodation.

17. On or about September 24, 2017, Haley completed an online application for an OTR truck driver position with Defendant.

18. Haley met all requirements for the job.

19. Defendant offered Haley the position contingent upon completion of a pre-employment screening, including a physical examination, to be conducted at Defendant's site in Natchez.

20. During his pre-employment screening, on October 1, 2017, Haley informed Defendant he had suffered a back injury approximately 14 years ago.

21. Immediately thereafter, Haley was called into an office where an employee of Defendant told him he would not be hired because of his past medical history.

22. Haley asked the employee of Defendant three times that he be allowed to undergo the physical examination to prove his capabilities and fitness for the job, but Defendant refused, stating, "We have enough information to make a judgment" and, "The company does not want to take a chance on you."

23. Defendant then told Haley to leave, rescinding its conditional offer of employment after learning of Haley's prior back injury.

24. Defendant's failure to hire Haley based on his disability constituted discrimination on the basis of disability.

25. The effect of the practices complained of in paragraphs thirteen (13) through twenty-four (24) above has been to deprive Haley, a qualified individual with disability, of equal employment opportunities and otherwise adversely affected his status as an applicant for employment because of his disability.

26. The unlawful employment practices complained of in paragraphs thirteen (13) through twenty-four (24) above were and are intentional.

27. The unlawful employment practices complained of in paragraphs thirteen (13) through twenty-four (24) above were and are done with malice or with reckless indifference to the federally protected rights of Haley.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on disability, including the denial of reasonable accommodations to qualified individuals with disabilities.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its policies and practices to provide that Defendant must make

exceptions to its policies and practices when required by the ADA as a reasonable accommodation for applicants and employees with disabilities; (ii) publicize that amendment to all present and future applicants and employees; (iii) adhere to the amendment; and (iv) notify all former applicants denied employment pursuant to this policy and practice of this action, its disposition, and the amendment.

C.  Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, front pay and instatement.

D.  Order Defendant to make whole Charging Party by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs thirteen (13) through twenty-seven (27) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.  Order Defendant to make whole Charging Party by providing appropriate compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs thirteen (13) through twenty-seven (27) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F.  Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described in paragraphs thirteen (13) through twenty-seven (27) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

**SHARON FAST GUSTAFSON**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**MARSHA RUCKER**
Birmingham District Regional Attorney
PA Bar No. 90041

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Tel. (205) 651-7026
Fax. (205) 212-2041