IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NUMBER: 5:20-cv-191-DCB-MTP |
| v. | ) ) | |
| JORDAN CARRIERS, INC. | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

### I.   INTRODUCTION

A.   The Equal Employment Opportunity Commission ("the EEOC" or "the Commission") initiated this action against Jordan Carriers, Inc. ("Jordan Carriers" or "Defendant"), pursuant to Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Torrence K. Haley ("Haley"), who was adversely affected by such practices.

B.   In its Complaint, the Commission alleges that Jordan Carriers engaged in unlawful employment practices at its Natchez, Mississippi, facility, by refusing to hire Haley for an over-the-road (OTR) truck driver position on the basis of his disability in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Jordan Carriers denies that it violated the ADA as alleged by the Commission in its Complaint.

1

C.      The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will effectuate the purposes of the ADA and promote equal employment opportunity.

D.      In the interest of resolving this matter and avoiding the expense of further litigation, the EEOC and Jordan Carriers ("the Parties") hereby stipulate and agree that this action shall be finally resolved by entry of this Consent Decree ("Decree").

E.      This Decree does not constitute a finding on the merits of the case nor an admission by Defendant of any wrongdoing or liability. The EEOC and Defendant have consented to the entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

F.      This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to a compromise of this action have been made between the parties, other than those recited or referenced in this Decree.

G.      In the event this Decree is not approved or does not become final, the Commission and Defendant agree that it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby **APPROVES** this Decree and **FINDS**:

a.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant, and the public interest.

b.  This Decree conforms to the Federal Rules of Civil Procedure and the ADA and does not derogate the rights or privileges of any person. The entry of this Decree furthers the objectives of the ADA and appears to be in the best interest of the parties and the public.

c.  This Decree is entered into by the EEOC and Defendant. This Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with it.

d.  The EEOC and Defendant do hereby agree to the entry of this Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 5:20-cv-191-DCB-MTP and the allegations raised by Charging Party in EEOC Charge No. 423-2018-00858 and this Decree will result in the closure of EEOC Charge No. 423-2018-00858 without issuance of a notice of right to sue.

Upon consent of the parties to this action, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## II.  JURISDICTION

1.  The parties stipulate that the United States District Court for the Southern District of Mississippi, Western Division, has jurisdiction over the Parties and the subject matter of this litigation. The Court shall retain jurisdiction over this case in order to enforce the terms of this Decree.

2.  No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of either party to seek enforcement in the event the other party breaches any of the terms of this Decree.

## III.  SCOPE AND DURATION OF THIS DECREE

3.  This Decree shall apply to Defendant's employees and operations at its Mississippi

location exercising authority over the hiring, transfer, promotion, or wages for all positions in the state of Mississippi.

4. This Decree shall remain in effect for two (2) years from the date the Court gives final approval to the Decree (the "Effective Date").

5. Nothing in this Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendant under the ADA.

6. Nothing in this Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC against Defendant.

## IV. GENERAL PROVISIONS

7. Defendant shall not subject any employee to adverse terms and conditions of employment, including discrimination based on his or her disability in violation of the ADA.

8. Defendant shall not subject any applicant or employee to discrimination on the basis of disability in hiring, job assignments, promotion, training, discharge, and other terms, conditions, or privileges of employment, and shall comply fully with all provisions of this Consent Decree and the ADA.

9. Defendant shall comply with the ADA by ensuring that all persons with disabilities are provided an individualized assessment of his or her ability to perform the relevant job prior to an employment decision being made affecting those persons.

10. Defendant and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are permanently enjoined for the duration of this Consent Decree from discriminating or retaliating against an employee or applicant in violation of the ADA. The prohibited practices include, but are not limited to the

following:

    a. Refusing to hire any applicant or taking other adverse employment action against an employee or applicant because of his or her disability; and

    b. Retaliating against any employee or applicant for asserting his or her rights under the ADA or engaging in other activity protected by the ADA.

11. Defendant shall promptly and thoroughly investigate all complaints of discrimination and retaliation under the ADA. The investigation of all such complaints shall be documented.

### V. MONETARY RELIEF

12. Defendant shall pay Haley the gross sum of Sixty Thousand dollars ($60,000.00) for backpay and compensatory damages, fifty percent of which is attributable to backpay, from which Defendant shall make such withholdings as are required by law, and fifty percent of which is attributable to compensatory damages, from which no withholdings shall be made. These payments shall satisfy all ADA claims of the Commission's and of Haley's against Defendant including those made by the Commission in this litigation on behalf of Haley, including, but not limited to, any and all wage-based claims/damages/relief, non-wage-based claims/damages/relief, attorneys' fees, expenses, costs and any and all other amounts incurred by or on Haley's behalf with respect to claims that were included or could have been included in the ADA discrimination claims alleged in EEOC's complaint in *Equal Employment Opportunity Commission v. Jordan Carriers, Inc.*, Civil Action No. 5:20-cv-191-DCB-MTP filed in the United States District Court for the Southern District of Mississippi and EEOC Charge number 423-2018-00858. Defendant shall make payment to Haley, via two certified checks, within thirty (30) business days of the effective date of this Consent Decree and Defendant's receipt of a waiver executed by Haley in

the form attached as Exhibit B. Failure to make payment in full within thirty (30) business days of entry of the Consent Decree and receipt of the waiver will constitute a breach of this Decree.

13. The settlement sum paid by Defendant shall represent full settlement of the claims against Defendant which were the basis of the EEOC Charge filed by Haley (No. 423-2018-00858) and the claims brought by the EEOC in this suit.

14. Defendant shall comply with applicable state and federal laws regarding tax matters. Defendant will issue to Haley the applicable United States Internal Revenue Service ("IRS") forms as necessary for compliance. Haley shall be responsible for payment of taxes in accordance with existing state and federal tax laws.

15. Defendant shall make payment of the monetary relief by mailing the two above-referenced checks payable to Torrence Haley to the address provided by the Commission. Concurrently, a copy of the checks and related correspondence shall be submitted to the Regional Attorney of the Birmingham District Office of the Commission by (a) electronic mail to marsha.rucker@eeoc.gov or, (b) if by mail, to Regional Attorney, EEOC, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

16. Defendant shall promptly notify the Commission in the event any payment is returned to Defendant as undeliverable. Defendant shall also promptly notify the Commission in the event either check is not cashed within one hundred and eighty (180) days of the date of its disbursement.

## VI.     POLICIES AND PROCEDURES

17. Within sixty (60) calendar days after this Consent Decree is approved by the Court, Defendant shall review and disseminate its policies and procedures to ensure that employees are not subjected to discrimination made unlawful by the ADA. At a minimum, the policies and

procedures shall contain and provide for the following:

(A) a requirement that all employer-mandated medical exams fully comply with the ADA;

(B) a requirement that Defendant's employees be trained on the requirements of the ADA;

(C) a provision prohibiting the demotion, termination, or rejection of qualified individuals based on the results of a pre-employment medical exam in the absence of an individualized assessment of the individual's present ability to safely perform the essential functions of the job with or without reasonable accommodation;

(D) a notice to employees and applicants (via the policies and procedures, and a poster displayed in a public area of Defendant's facility) of their rights under the ADA, including their right to a reasonable accommodation;

(E) a notice to employees of their rights under the ADA, including their right to a reasonable accommodation;

(F) a provision for disciplinary action, up to and including termination, that shall be imposed on supervisors, managers and human resources employees who violate the ADA, this Consent Decree, or Defendant's ADA policies and procedures;

(G) a process for employees to report complaints of ADA-related discrimination and retaliation;

(H) a system for ensuring the dissemination to all Jordan Carriers's employees of a copy of Jordan Carriers's ADA policy and procedures; and

(I) an assurance of non-retaliation for persons who report that they have been discriminated against or witnessed discrimination in violation of the ADA.

### VII.    TRAINING FOR MANAGERS AND SUPERVISORS

18. Within ninety (90) days of the entry of this Consent Decree, all managers and supervisors shall attend a one-hour live or pre-recorded training. The training shall cover all aspects of the ADA including, but not limited to, the legal requirements of the ADA, the prohibition against discrimination and disparate treatment of employees with actual or perceived disabilities, the definition and examples of a reasonable accommodation under the ADA, the

interactive process as it relates to a request for a reasonable accommodation, resources for determining and identifying reasonable accommodations, procedures for providing reasonable accommodations to individuals with disabilities, the prohibition against retaliation and coercion against employees who engage in activity protected by the ADA, and Jordan Carriers's internal ADA policy and procedures.  The training shall include a minimum of fifteen (15) minutes for questions and answers.

19. All persons attending the training shall sign a registry of attendance. Jordan Carriers shall retain the registry for the duration of this Consent Decree.

20. The training shall be repeated (with modifications to ensure its compliance with the law) on an annual basis during the term of this Consent Decree. The training and education for managers and supervisors may be pre-recorded for review by absent managers and supervisors and shall also include practical examples aimed at the prevention of discrimination. Live or pre-recorded training shall be provided to all managers and supervisors within three (3) months of their initial employment as a manager or supervisor or their promotion to such a position.

21. Each annual training session shall be delivered in accordance with an outline prepared at least two weeks in advance of the training. The outline, including all training materials (pamphlets, brochures, agendas, videos), shall be delivered to the Regional Attorney of the Birmingham District Office of the Commission by (a) electronic mail to marsha.rucker@eeoc.gov, or  (b) if by mail, to Regional Attorney, EEOC, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205. Acceptance or review of these materials by the Commission shall not constitute approval of the said materials but may be retained for compliance purposes.

22. Jordan Carriers may add to this training depending on its needs.

23. Jordan Carriers shall provide the EEOC at least fifteen (15) days advance notice of the date, time, location and substance of each annual training and shall permit any representative of the Commission to attend and observe the planned training upon the Commission giving reasonable notice to Jordan Carriers.

24. Within one hundred twenty (120) days of the entry of this Consent Decree, Jordan Carriers shall provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the actions taken to inform and train its personnel as outlined herein and thereafter shall provide annual reports covering all additional training that occurs for the duration of this Consent Decree  The report(s) shall be emailed to marsha.rucker@eeoc.gov.

### VIII.    POSTING OF NOTICE

25. Jordan Carriers shall post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations.

26. Within thirty (30) calendar days after entry of this Decree, Jordan Carriers shall post, and cause to remain posted for the duration of this Consent Decree, 8½-inch-by-11-inch sized copies of the notice attached as "Exhibit A" to this Consent Decree on all bulletin boards usually used by Defendant at its location in Mississippi for announcements, notices of employment policy, or practice changes to employees, during the term of this Consent Decree and at every Mississippi location at which employee bulletins are posted and where applications are accepted, and on any Jordan Carriers or affiliated corporate website at which job vacancies are posted or through which Jordan Carriers accepts applications for employment.

### IX.    REPORTING

27. On an annual basis for the duration of the Consent Decree, Defendant shall provide the Birmingham District Office Regional Attorney, marsha.rucker@eeoc.gov, a report on the

9

training conducted under this Consent Decree, including the dates of all training conducted and names of all persons trained.

28. Within thirty (30) days after completing the review required by Section VI of this Decree, Jordan Carriers shall report to the EEOC that the review has been completed and provide a report detailing the steps it has taken to comply with the provisions of Section VI.

## X. DISPUTE RESOLUTION

29. In the event that the Commission believes during the term of this Consent Decree that Jordan Carriers has failed to comply with any provision of the Consent Decree, the Commission shall notify Jordan Carriers or its counsel of the alleged non-compliance and shall afford Jordan Carriers twenty (20) business days thereafter to remedy the non-compliance or to satisfy the Commission that the alleged non-compliance is not well founded.  If Jordan Carriers has not remedied the alleged non-compliance or satisfied the Commission that it has complied within twenty (20) business days, the Commission may apply to the Court for appropriate relief.

## XI. COSTS AND ATTORNEY'S FEES

30. The EEOC and Jordan Carriers shall bear their own respective costs and attorney's fees for this action.

31. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to the Regional Attorney of the Birmingham District Office of the Commission by (a) electronic mail to marsha.rucker@eeoc.gov or, (b) if by mail, to Regional Attorney, EEOC, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

32. The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

SO ORDERED, ADJUDGED, AND DECREED this 11th day of May, 2021.

                                                s/David Bramlette

                                                Honorable David C. Bramlette,
                                                III U.S. District Court Judge

APPROVED AND CONSENTED TO:

| JORDAN CARRIERS, INC. | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|
| by: *[signature]* Its President | *[signature]* MARSHA RUCKER Regional Attorney (PA Bar # 90041) |

                                                EQUAL EMPLOYMENT
                                                OPPORTUNITY
                                                COMMISSION
                                                Birmingham District Office
                                                Ridge Park Place, Suite 2000
                                                1130 22nd Street South
                                                Birmingham, Alabama 35205
                                                Phone: (205) 651-7045
                                                Email: marsha.rucker@eeoc.gov

                                                Attorney for Plaintiff

## EXHIBIT A - N O T I C E

## STATEMENT OF EEO POLICY

It is the policy of Jordan Carriers, Inc., to offer employment opportunities to all qualified employees and applicants, regardless of race, age, sex, color, religion, national origin, or disability. There will be no discrimination in violation of the provisions of Title I of the Americans with Disabilities Act (ADA) of 1990, as amended; the Age Discrimination in Employment Act (ADEA) of 1967; Title VII of the Civil Rights Act of 1964, (Title VII), as amended; the Equal Pay Act (EPA) of 1963; or, the Genetic Information Nondiscrimination Act (GINA) of 2008.

Title I of the Americans with Disabilities Act of 1990, as amended, prohibits discrimination against qualified individuals with disabilities in all employment practices, including in hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment. In particular, the ADA requires employers to make reasonable accommodations for an employee's known disability, if doing so would not cause the employer an undue hardship. We wish to emphasize that it is Jordan Carriers, Inc.'s fundamental policy to comply with the ADA, and to provide equal opportunity for disabled employees. All employees shall feel free to exercise their rights under this policy.

Jordan Carriers, Inc., will not retaliate against employees who avail themselves of their rights under the ADA by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the Equal Employment Opportunity Commission. The EEOC is an agency of the U.S. government that enforces federal civil rights laws in the workplace, including the ADA. The EEOC charges no fees and has employees who speak languages other than English.

The address and telephone number of the nearest office of the Equal Employment Opportunity Commission is:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Dr. A. H. McCoy Federal Building**
**100 W. Capitol Street, Suite 338**
**Jackson, Mississippi 39269**
**(601) 948-8466**

## D O   N O T   R E M O V E   T H I S   N O T I C E!

This notice is posted pursuant to a Consent Decree entered into with the U.S. Equal Employment Opportunity Commission. This Notice must remain posted for two (2) years from _____ and must not be altered, defaced or covered, by any other material. Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney EEOC Birmingham District Office, Ridge Park Place, Ste 2000, 1130 22nd St. South, Birmingham, Alabama 35205.

## EXHIBIT - B

## CHARGING PARTY RELEASE

In consideration for Sixty Thousand Dollars ($60,000.00) paid to me by Defendant Jordan Carriers, Inc., in connection with the resolution of *EEOC v. Jordan Carriers, Inc*, Civil Action No. 5:20-cv-191-DCB-MTP, I waive my right to recover for any claims of disability discrimination arising under or pursuant to Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, that I had against Defendant Jordan Carriers prior to the date of this release and that were included or could have been included in the ADA discrimination claims alleged in EEOC's complaint in *Equal Employment Opportunity Commission v. Jordan Carriers, Inc.*, Civil Action No. 5:20-cv-191-DCB-MTP filed in the United States District Court for the Southern District of Mississippi and EEOC Charge number 423-2018-00858.

Date:_____   Signature :_____